**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPH PERONACE** | : | **Civil Action** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | Formerly |
| | : | **Court of Common Pleas** |
| | : | **Trial Division—Civil** |
| | : | **April Term, 2023** |
| **Defendant** | : | **No. 230401756** |
| | : | |
| | : | **JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant City of Philadelphia, timely removes this action from the Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania on the following grounds:

1.     On September 13, 2023  Plaintiffs initiated this action by Complaint in the Court of Common Pleas in Philadelphia, April Term, 2023; No. 230401756. (Exhibit "A.")

2.     In Paragraphs 24 and 25 of the Complaint, the plaintiff seeks relief against the petitioner pursuant to 42 U.S.C. § 1983 for alleged deprivations of his rights protected by the Constitution of the United States. (Id.)

3.     28 U.S.C. § 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The United States District Court for the Eastern District of Pennsylvania has original jurisdiction over the claims alleged by Plaintiff, pursuant to 28 U.S.C. § 1331.

4.     The United States District Court for the Eastern District of Pennsylvania has original jurisdiction over the claims alleged by Plaintiff, pursuant to 28 U.S.C. § 1331.

5.     True and correct copies of this Notice of Removal with accompanying exhibits and

separate Notice to State Court of Filing of Notice of Removal, a copy of which is attached hereto as Exhibit "B," will be served upon the plaintiff and filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania, in accordance with the provisions of 28 U.S.C. § 1446(d).

6.      In filing this Notice of Removal, the petitioners do not waive any available defenses in this action.

WHEREFORE, Defendant City of Philadelphia respectfully requests that the captioned Complaint be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Irene Lu
Assistant City Solicitor

*/s/ Irene Lu*
Irene Lu
Assistant City Solicitor
Pa. Attorney ID No. 318310
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-2971 (phone)
(215) 683-5397 (fax)
Irene.Lu@phila.gov

Date:  October 12, 2023

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| **JOSEPH PERONACE** | : | **Civil Action** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | Formerly |
| | : | |
| | : | **Court of Common Pleas** |
| | : | **Trial Division—Civil** |
| | : | **April Term, 2023** |
| **Defendant** | : | **No. 230401756** |
| | : | |
| | : | **JURY TRIAL DEMANDED** |

---

## <u>NOTICE OF FILING OF REMOVAL</u>

TO:   ROVNER, ALLEN, ROVNER,
     ZIMMERMAN, SIGMAN & SCHMIDT
     Jeffrey I. Zimmerman, Esquire
     Attorney I.D. No. 30600
     Jeffrey D. Schmidt, Esquire
     Attorney I.D. No. 91583
     175 Bustleton Pike
     Feasterville, PA 19053
     (215) 953-2706

PLEASE TAKE NOTICE THAT on October 12, 2023 the defendant, City of Philadelphia, filed, in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania, a verified Notice of Removal.

A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).

/s/ Irene Lu
Irene Lu
Assistant City Solicitor
Pa. Attorney ID No. 318310
City of Philadelphia Law Department
1515 Arch Street, 14th Floor

Philadelphia, PA 19102
(215) 683-2971 (phone)
(215) 683-5397 (fax)
Irene.Lu@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPH PERONACE** | : | **Civil Action** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | Formerly |
| | : | **Court of Common Pleas** |
| | : | **Trial Division—Civil** |
| | : | **April Term, 2023** |
| **Defendant** | : | **No. 230401756** |
| | : | |
| | : | **JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

I, Irene Lu, Assistant City Solicitor, do hereby certify that a true and correct copy of the attached Notice of Removal will be served upon the following by ECF filing:

TO:   ROVNER, ALLEN, ROVNER,
        ZIMMERMAN, SIGMAN & SCHMIDT
        Jeffrey I. Zimmerman, Esquire
        Attorney I.D. No. 30600
        Jeffrey D. Schmidt, Esquire
        Attorney I.D. No. 91583
        175 Bustleton Pike
        Feasterville, PA 19053
        (215) 953-2706

Date:  October 12, 2023             _/s/ Irene Lu_
                                    Irene Lu
                                    Assistant City Solicitor
                                    Pa. Attorney ID No. 318310
                                    City of Philadelphia Law Department
                                    1515 Arch Street, 14th Floor
                                    Philadelphia, PA 19102
                                    (215) 683-2971 (phone)
                                    (215) 683-5397 (fax)
                                    Irene.Lu@phila.gov

(215) 683-5397 (fax)
Irene.Lu@phila.gov

# Exhibit "A"

ROVNER, ALLEN, ROVNER,
ZIMMERMAN, SIGMAN & SCHMIDT
By: Jeffrey I. Zimmerman, Esquire
Attorney I.D. No. 30600
By: Jeffrey D. Schmidt, Esquire
Attorney I.D. No. 91583
175 Bustleton Pike                                      Attorneys for Plaintiff
Feasterville, PA  19053
(215) 953-2706

*Filed and Attested by the*
*Office of Judicial Records*
*13 SEP 2023 02:57 pm*
*A. STAMATO*

| | | |
|---|---|---|
| JOSEPH PERONACE | : | COURT OF COMMON PLEAS |
| 339 Zane Avenue | | PHILADELPHIA COUNTY |
| Jenkintown, PA 19046 | : | |
| | | APRIL TERM, 2023 |
| v. | : | NO.: 1756 |
| | | |
| CITY OF PHILADELPHIA | : | ASSESSMENT OF DAMAGES |
| Law Department | | HEARING IS REQUIRED |
| 1515 Arch Street | : | |
| 15th Floor | | JURY TRIAL DEMANDED |
| Philadelphia, PA 19102 | : | TWELVE JURORS REQUESTED |

## CIVIL ACTION COMPLAINT

<div style="columns:2">

"NOTICE"

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
One Reading Center
1101 Market Street
Philadelphia, Pennsylvania  19107
(215) 238-6333

"AVISO"

"Le han demandado en corte. Si usted desea defender contra las demandas dispuestas en las páginas siguientes, usted debe tomar la acción en el plazo de veinte (20) días después de esta queja y se sirve el aviso, incorporando un aspecto escrito personalmente o y archivando en escribir con la corte sus defensas u objeciones a las demandas dispuestas contra usted el abogado le advierte que que si usted no puede hacer así que el caso puede proceder sin usted y un juicio se puede incorporar contra usted compra la corte sin aviso adicional para cualquier dinero demandado en la queja o para cualquier otra demanda o relevación pedida por el demandante. Usted puede perder el dinero o la característica de otra enderezca importante a usted.

USTED DEBE LLEVAR ESTE PAPEL SU ABOGADO INMEDIATAMENTE. SI USTED NO HACE QUE UN ABOGADO VAYA A A O LLAME POR TELÉFONO La OFICINA DISPUESTA ABAJO. ESTA OFICINA PUEDE PROVEER DE USTED LA INFORMACIÓN SOBRE EMPLEAR A UN ABOGADO. SI USTED NO PUEDE PERMITIRSE AL HIRE A UN ABOGADO, ESTA OFICINA PUEDE PODER PROVEER DE USTED LA INFORMACIÓN SOBRE LAS AGENCIAS QUE LOS SERVICIOS JURÍDICOS DE LA OFERTA DE MAYO A LAS PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO O NINGÚN HONORARIO

**SERVICIO DE REFERENCIA LEGAL**
**One Reading Center**
**1101 Market Street**
**Filadelfia, Pennsylvania  19107**
**Teléfono (215) 238-6333**

</div>

1.      The Plaintiff, Joseph Peronace, is an adult individual and resides at 339 Zane Avenue, Jenkintown, PA 19046.

2.      The Defendant, City of Philadelphia, is a municipal corporation created and existing under the laws of the Commonwealth of Pennsylvania with an office for acceptance of service at c/o City of Philadelphia - Law Department, 1515 Arch Street, 15th Floor, Philadelphia, Pennsylvania 19106, and conducting business in said Commonwealth.

3.      At all times material and relevant to the instant Complaint, the Defendant owned, operated, managed, controlled, supervised the daily operations and running of a prison, jail, incarceration facility, detention center and/or correctional facility known and designated as "Curran Fromhold Correctional Facility" and located at 7901 State Road, Philadelphia, Pennsylvania.

4.      At all times material and relevant hereto, the Defendant herein acted through the conduct of their servants, agents and employees, including guards and correctional officers, said individuals acting on behalf of the Defendant and in the course of the performance of their official duties.

5.      At all times material and relevant hereto, the Defendant was required to prevent, avoid and refrain from taking any actions which they should reasonably expect to cause injuries to inmates, including the Plaintiff herein.

6.      On or about May 19, 2022, the Plaintiff, Joseph Peronace, was incarcerated at the Defendant's prison facility, known as "Curran Fromhold Correctional Facility" and located at 7901 State Road, Philadelphia, Pennsylvania for criminal charges related to non-violent offenses.

7.      Upon the commencement of the intake process, the Defendant's medical staff had difficulty locating a vein from which blood could be drawn.

8.     Due to the inability to locate a viable vein for a blood draw, the Plaintiff was wrongfully and punitively designated as non-compliant during the intake process and placed into a cell in C-block.

9.     Following the placement of the Plaintiff into a jail cell, he suffered a series of three seizures, causing his legs to become numb and unresponsive.

10.     Due to the numbness and unresponsiveness of his legs, the Plaintiff was unable to bear weight, ambulate or move from any position without assistance.

11.     Due to the numbness and unresponsiveness of his legs, the Plaintiff was unable to ambulate or otherwise gain access to the toilet in his jail cell when he needed to relieve himself.

12.     During this time period, the Plaintiff made requests on several occasions for assistance to go to the bathroom, said requests which were denied, causing the Plaintiff to lose control and void urine and stool in his clothing.

13.     Despite requests for assistance, the Plaintiff was forced to remain lying in his own waste for extended periods of time.

14.     On three occasions, the Plaintiff's jail cell was unlocked and unknown and unidentified individuals were permitted to enter the said jail cell and assault the Plaintiff with punches and kicks.

15.     The Plaintiff made repeated requests to be seen by Defendant's medical staff, said requests which were ignored.

16.     On or about May 30, 2022 or May 31, 2022, the Plaintiff was transferred to Jefferson Torresdale Hospital where he was finally permitted to receive medical treatment.

17.     At all times material and relevant to the instant Complaint, the Defendant acted through its employees, agents and prison guards/corrections officers under color of state law and utilized such power to compel the Plaintiff to comply with all orders and directives directed to him.

18.     At all times material and relevant to the instant Complaint, the Defendant acted through its employees, agents and prison guards/corrections officers, under color of state law, and exercised dominion and control over the Plaintiff's person, and pursuant to such power, made decisions as to when and whether the Plaintiff would have access to medical care.

19.     At all times material and relevant to the instant Complaint, the Defendant acted through its employees, agents and prison guards/corrections officers, under color of state law, and exercised dominion and control over the Plaintiff's person, and pursuant to such power, permitted or caused unknown and unidentified individuals to enter his jail cell and assault the Plaintiff.

20.     At all times material and relevant to the instant matter, the Defendant was aware of the Plaintiff's repeated requests for medical assistance and his need for such assistance and care when having significant medical issues.

21.     At all times material and relevant to the instant matter, the Defendant was aware that individuals intending to assault the Plaintiff should be denied to his jail cell and to his person.

22.     The negligent, reckless and outrageous conduct of the Defendants consisted, inter alia, of the following:

(a)     failing to provide the Plaintiff with necessary and appropriate medical care upon being informed by the Plaintiff that his legs were numb, unresponsive and that he could not ambulate;

(b)     failing to provide the Plaintiff with necessary and appropriate medical care upon requests for medical assistance;

(c)     failing to provide the Plaintiff with assistance to access the toilet when he was unable to do so without assistance due to the numbness and unresponsiveness of his legs and his inability to ambulate;

(d)     causing the Plaintiff remain in his own unsanitary urine and fecal waste for and extended periods of time when the Defendant was aware that he was physically unable to clean himself;

(e)     permitting, allowing or causing unknown and unidentified individuals to enter the Plaintiff's jail cell to assault him; and

(f)     permitting, allowing or causing unknown and unidentified individuals to enter the Plaintiff's jail cell when the Defendant's employees were aware of the intent of said individuals to assault and cause harm to the Plaintiff;

23.     The conduct of the Defendant, as set forth above, acting under color of state law, was recklessly and deliberately indifferent to the safety, bodily integrity well-being and liberty of the Plaintiff, and was committed in conscious disregard for the substantial risk of causing harm to the Plaintiff, and was so egregious as to shock the conscience.

24.     The conduct of the Defendant, as set forth, above violated Plaintiff's constitutional rights as follows:

(a)     right to liberty;

(b)     right to reasonable personal safety while in custody;

(c)     right to medical care when in custody;

(d)     right to be free from unsanitary conditions when in custody;

(e)     right to reasonable and necessary assistance with movement by the Defendant;

(f)     right to be free from cruel and unusual punishment; and

(g)    protection of health and welfare;

(h)    substantive and procedural due process as guaranteed by the Fourth, Fifth,

Eighth and Fourteenth Amendments to the United States Constitution, and are remediable pursuant

to 42 U.S.C. § 1983.

25.    The conduct of the Defendant as set forth above violated Plaintiff's constitutional

rights to be free from cruel and unusual punishment as guaranteed by the Eighth Amendment to the

United States Constitution, as the Defendant (1) was aware of the unjustifiable risk to the Plaintiff,

(2) failed to take reasonable steps to abate the risks, and (3) the expected harm did occur, and, as

such, and are remediable pursuant to 42 U.S.C. § 1983.

26.    As a direct and proximate result of the violations of the Plaintiff's civil rights, the

Plaintiff's was caused to suffer severe and debilitating injuries as set forth above and herein.

27.    As the direct and proximate result of this accident, the Plaintiff, Joseph Peronace, has

suffered serious and permanent injuries, including periods of immobilization, periods of being forced

to remain in his own waste including urine and feces, blunt trauma from being assaulted by kicks

and punches; contusions and abrasions, severe damage to his nerves and nervous system, and various

other ills and injuries.

28.    As a further result of this accident, the Plaintiff has been obligated to receive and

undergo medical attention and care for his injuries, and to incur various expenses for said care, and

he may be obligated to continue to expend such sums and to incur such expenses for an indefinite

period of time in the future.

29.    As a further result of this accident, the Plaintiff has suffered an injury which may be

in full or part a cosmetic disfigurement which is or may be permanent, irreparable, or severe.

Case ID: 230401756

30.      As a further result of this accident, the Plaintiff has been unable to attend to his daily chores, duties and occupations, and may be unable to do so for an indefinite time in the future.

31.      As a further result of this accident, the Plaintiff has or may suffer severe loss of his earnings and impairment of his earning capacity and power, and may continue to suffer such a loss for an indefinite time in the future.

32.      As a direct and reasonable result of the accident, the Plaintiff has and may continue to in the future incur other financial expenses or losses which to which he may otherwise be entitled to recover.

33.      As a further result of the accident, the Plaintiff has suffered severe physical pain, aches, mental anguish, and humiliation, inconveniences, and loss of life's pleasures, and he may continue to suffer the same for an indefinite time in the future.

**WHEREFORE**, the Plaintiff, Joseph Peronace, demands damages of the Defendant, City of Philadelphia, in a sum in excess of $50,000.00, plus interest, costs and attorneys fees.

**ROVNER, ALLEN, ROVNER,
ZIMMERMAN, SIGMAN & SCHMIDT**

By:   /s/ Jeffrey I. Zimmerman
        JEFFREY I. ZIMMERMAN, ESQUIRE
        JEFFREY D. SCHMIDT, ESQUIRE
        Attorneys for Plaintiff,
        Joseph Peronace

ROVNER, ALLEN, ROVNER,
ZIMMERMAN, SIGMAN & SCHMIDT
By: Jeffrey I. Zimmerman, Esquire
Attorney I.D. No. 30600
By: Jeffrey D. Schmidt, Esquire
Attorney I.D. No. 91583
175 Bustleton Pike                                      Attorneys for Plaintiff
Feasterville, PA  19053
(215) 953-2706

| | | |
|---|---|---|
| JOSEPH PERONACE | : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| v. | : | |
| | | APRIL TERM, 2023 |
| CITY OF PHILADELPHIA | : | NO.: 1756 |

## <u>CERTIFICATE OF SERVICE</u>

I, JEFFREY I. ZIMMERMAN, Esquire, hereby certify that on this 13th day of September 2023, I served a true and correct copy of Plaintiff's Complaint by electronic filing and first class mail on:

City of Philadelphia

ROVNER, ALLEN, ROVNER,
ZIMMERMAN, SIGMAN AND SCHMIDT

BY:/s/Jeffrey I. Zimmerman
JEFFREY I. ZIMMERMAN
Attorney for Plaintiff

Case ID: 230401756

ROVNER, ALLEN, ROVNER,
ZIMMERMAN, SIGMAN & SCHMIDT
By: Jeffrey I. Zimmerman, Esquire
Attorney I.D. No. 30600
By: Jeffrey D. Schmidt, Esquire
Attorney I.D. No. 91583
175 Bustleton Pike                    Attorneys for Plaintiff
Feasterville, PA  19053
(215) 953-2706

| | | |
|---|---|---|
| JOSEPH PERONACE | : | COURT OF COMMON PLEAS |
| | | PHILADELPHIA COUNTY |
| v. | : | |
| | | APRIL TERM, 2023 |
| CITY OF PHILADELPHIA | : | NO.: 1756 |

## <u>VERIFICATION</u>

I, Jeffrey I. Zimmerman, Esquire, being duly sworn according to law, deposes and says that he is authorized to make this Verification on behalf of the Plaintiff and that the facts set forth in the foregoing Pleading are true and correct to the best of his knowledge, information and belief.

This statement is made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

 /s/ Jeffrey I. Zimmerman
Jeffrey I. Zimmerman

Date:  September 13, 2023

# Exhibit "B"

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPH PERONACE** | : | **Civil Action** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | Formerly |
| | : | **Court of Common Pleas** |
| | : | **Trial Division—Civil** |
| | : | **April Term, 2023** |
| **Defendant** | : | **No. 230401756** |
| | : | |
| | : | **JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

**To the Office of Judicial Records:**

Pursuant to 28 U.S.C. § 1446(d), Defendants, City of Philadelphia hereby give notice that it has filed in the United States District Court for the Eastern District of Pennsylvania the attached Notice of Removal (without exhibits) of the above-captioned action.

Pursuant to 28 U.S.C. § 1446, the filing of this Notice effects the removal of this action to the federal court, and this Court is directed to "proceed no further unless and until the case is remanded."  28 U.S.C. § 1446(d).

Respectfully submitted,

Date:  October 12, 2023

*/s/ Irene Lu*
Irene Lu
Assistant City Solicitor
Pa. Attorney ID No. 318310
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-2971 (phone)

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JOSEPH PERONACE

**DEFENDANTS**
CITY OF PHILADELPHIA

**(b)** County of Residence of First Listed Plaintiff  PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
ROVNER, ALLEN, ROVNER, ZIMMERMAN, SIGMAN & SCHMIDT
175 Bustleton Pike, Feasterville, PA 19053
(215) 953-2706

Attorneys *(If Known)*
IRENE LU, CITY OF PHILADELPHIA LAW DEPARTMENT,
1515 ARCH ST, 14TH FL, PHILADELPHIA PA 19102

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983
Brief description of cause:
ALLEGED VIOLATION OF CONSTITUTIONAL RIGHTS

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE
10/12/2023

SIGNATURE OF ATTORNEY OF RECORD
/s/ IRENE LU

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)　　Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)　　County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)　　Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.　　Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.　　Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.　　Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: <u>Nature of Suit Code Descriptions</u>.

**V.　　Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.　　Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.　　Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.　　Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ROVNER, ALLEN, ROVNER, ZIMMERMAN, SIGMAN & SCHMIDT, 175 Bustleton Pike, Feasterville, PA 19053

Address of Defendant: c/o IRENE LU, 1515 ARCH STREET 14TH FL, PHILADELPHIA PA 19102

Place of Accident, Incident or Transaction: PHILADELPHIA, PA

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/12/2023          /s/ IRENE LU *Must sign here*          318310

*Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.     *Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.     *Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, IRENE LU _____, counsel of record *or* pro se plaintiff, do hereby certify:

- ☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☐ Relief other than monetary damages is sought.

DATE: 10/12/2023          /s/ IRENE LU *if applicable*          318310

*Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPH PERONACE** | : | **Civil Action** |
| **Plaintiff** | : | |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | Formerly |
| | : | |
| | : | **Court of Common Pleas** |
| | : | **Trial Division—Civil** |
| | : | **April Term, 2023** |
| **Defendant** | : | No. 230401756 |
| | : | |
| | : | **JURY TRIAL DEMANDED** |

**CASE MANAGEMENT TRACK DESIGNATION FORM**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus -- Cases brought under 28 U.S.C. §2241through § 2255.                    (    )

(b)  Social Security -- Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                           (    )

(c)  Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.   (    )

(d)  Asbestos -- Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                    (    )

(e)  Special Management -- Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)                                                                       (    )

(f)  Standard Management -- Cases that do not fall into any one of the other tracks.       ( X )


| | | |
|---|---|---|
| 10/12/2023 | Irene Lu, Esq. | City of Philadelphia |
| Date | Attorney-at-law | |
| | | _____ |
| | | Attorney for Defendants |
| (215) 683-2971 | (215) 683-5397 | irene.lu@phila.gov |
| _____ | _____ | _____ |
| Telephone | FAX Number | E-mail Address |

(Civ. 660) 10/02