IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH PERONACE | : | CIVIL ACTION - LAW |
| v. | : | NO. 23-3943-KSM |
| CITY OF PHILADELPHIA | : | |

**PLAINTIFF'S AMENDED CIVIL ACTION COMPLAINT**

Plaintiff, Joseph Peronace, by and through their counsel, Jeffrey I. Zimmerman, Esquire and Jeffrey D. Schmidt, Esquire, state the following:

**THE PARTIES**

1. The Plaintiff, Joseph Peronace, is an adult individual and resides at 339 Zane Avenue, Jenkintown, PA 19046.

2. The Defendant, City of Philadelphia, is a municipal corporation created and existing under the laws of the Commonwealth of Pennsylvania with an office for acceptance of service at c/o City of Philadelphia - Law Department, 1515 Arch Street, 15th Floor, Philadelphia, Pennsylvania 19106, and conducting business in said Commonwealth.

3. At all times material and relevant to the instant Complaint, the Defendant owned, operated, managed, controlled, supervised the daily operations and running of a prison, jail, incarceration facility, detention center and/or correctional facility known and designated as "Curran Fromhold Correctional Facility" and located at 7901 State Road, Philadelphia, Pennsylvania.

4. At all times material and relevant hereto, the Defendant herein acted through the conduct of their servants, agents and employees, including guards and correctional officers, said

individuals acting on behalf of the Defendant and in the course of the performance of their official duties.

5. At all times material and relevant hereto, the Defendant was required to prevent, avoid and refrain from taking any actions which they should reasonably expect to cause injuries to inmates, including the Plaintiff herein.

**FACTUAL BACKGROUND**

6. On or about May 19, 2022, the Plaintiff, Joseph Peronace, was incarcerated at the Defendant's prison facility, known as "Curran Fromhold Correctional Facility" and located at 7901 State Road, Philadelphia, Pennsylvania for criminal charges related to non-violent offenses.

7. Upon the commencement of the intake process, the Defendant's medical staff had difficulty locating a vein from which blood could be drawn.

8. Due to the inability to locate a viable vein for a blood draw, the Defendant wrongfully and punitively designated the Plaintiff as non-compliant during the intake process and placed him into a cell in C-block.

9. Following the placement of the Plaintiff into a jail cell, he suffered a series of three seizures, causing his legs to become numb and unresponsive.

10. Due to the numbness and unresponsiveness of his legs, the Plaintiff was unable to bear weight, ambulate or move from any position without assistance.

11. Due to the numbness and unresponsiveness of his legs, the Plaintiff was unable to ambulate or otherwise gain access to the toilet in his jail cell when he needed to relieve himself.

12. During this time period, the Plaintiff made requests on several occasions for assistance to go to the bathroom, said requests which were denied, causing the Plaintiff to lose control and void urine and stool in his clothing.

13. Despite requests for assistance, the Plaintiff was forced to remain lying in his own waste for extended periods of time.

14. On three occasions, the Plaintiff's jail cell was unlocked and unknown and unidentified individuals were permitted to enter the said jail cell and assault the Plaintiff with punches and kicks.

15. The Plaintiff made repeated requests to be seen by Defendant's medical staff, said requests which were ignored.

16. On or about May 30, 2022 or May 31, 2022, the Plaintiff was transferred to Jefferson Torresdale Hospital where he was finally permitted to receive medical treatment.

17. At all times material and relevant to the instant Complaint, the Defendant acted through its employees, agents and prison guards/corrections officers under color of state law and utilized such power to compel the Plaintiff to comply with all orders and directives directed to him.

18. At all times material and relevant to the instant Complaint, the Defendant acted through its employees, agents and prison guards/corrections officers, under color of state law, and exercised dominion and control over the Plaintiff's person, and pursuant to such power, made decisions as to when and whether the Plaintiff would have access to medical care.

19. At all times material and relevant to the instant Complaint, the Defendant acted through its employees, agents and prison guards/corrections officers, under color of state law, and exercised dominion and control over the Plaintiff's person, and pursuant to such power, permitted or caused unknown and unidentified individuals to enter his jail cell and assault the Plaintiff.

20. At all times material and relevant to the instant matter, the Defendant was aware of the Plaintiff's repeated requests for medical assistance and his need for such assistance and care when having significant medical issues.

21. At all times material and relevant to the instant matter, the Defendant was aware that individuals intending to assault the Plaintiff should be denied to his jail cell and to his person.

## COUNT I

## JOSEPH PERONACE V. THE CITY OF PHILADELPHIA

## NEGLIGENT, RECKLESS AND OUTRAGEOUS CONDUCT

22. The Plaintiff incorporates herein, by reference thereto, paragraphs one through twenty-one, inclusive, as though the same were set forth herein at length.

23. The negligent, reckless and outrageous conduct of the Defendants consisted, inter alia, of the following:

(a) failing to provide the Plaintiff with necessary and appropriate medical care upon being informed by the Plaintiff that his legs were numb, unresponsive and that he could not ambulate;

(b) failing to provide the Plaintiff with necessary and appropriate medical care upon requests for medical assistance;

(c) failing to provide the Plaintiff with assistance to access the toilet when he was unable to do so without assistance due to the numbness and unresponsiveness of his legs and his inability to ambulate;

(d) causing the Plaintiff remain in his own unsanitary urine and fecal waste for and extended periods of time when the Defendant was aware that he was physically unable to clean himself;

(e) failing to provide the Plaintiff with a clean and sanitary jumpsuit;

(f) permitting, allowing or causing unknown and unidentified individuals to enter the Plaintiff's jail cell to assault him; and

(g) permitting, allowing or causing unknown and unidentified individuals to enter the Plaintiff's jail cell when the Defendant's employees were aware of the intent of said individuals to assault and cause harm to the Plaintiff.

## COUNT II

## JOSEPH PERONACE V. THE CITY OF PHILADELPHIA

## CIVIL RIGHTS UNDER 42 U.S.C. §1983

24. The Plaintiff incorporates herein, by reference thereto, paragraphs one through twenty-three, inclusive, as though the same were set forth herein at length.

25. The conduct of the Defendant, as set forth above, acting under color of state law, was recklessly and deliberately indifferent to the safety, bodily integrity well-being and liberty of the Plaintiff, and was committed in conscious disregard for the substantial risk of causing harm to the Plaintiff, and was so egregious as to shock the conscience.

26. The conduct of the Defendant, as set forth, above violated Plaintiff's constitutional rights as follows:

(a) right to liberty;

(b) right to reasonable personal safety while in custody;

(c) right to medical care when in custody;

(d) right to be free from unsanitary conditions when in custody;

(e) right to reasonable and necessary assistance with movement by the Defendant;

(f) right to be free from cruel and unusual punishment; and

(g) protection of health and welfare;

(h) substantive and procedural due process as guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and are remediable pursuant to 42 U.S.C. § 1983.

27. The conduct of the Defendant as set forth above violated Plaintiff's constitutional rights to be free from cruel and unusual punishment as guaranteed by the Eighth Amendment to the United States Constitution, as the Defendant (1) was aware of the unjustifiable risk to the Plaintiff, (2) failed to take reasonable steps to abate the risks, and (3) the expected harm did occur, and, as such, and are remediable pursuant to 42 U.S.C. § 1983.

28. As a direct and proximate result of the violations of the Plaintiff's civil rights, the Plaintiff's was caused to suffer severe and debilitating injuries as set forth above and herein.

29. As the direct and proximate result of this accident, the Plaintiff, Joseph Peronace, has suffered serious and permanent injuries, including periods of immobilization, periods of being forced to remain in his own waste including urine and feces, blunt trauma from being assaulted by kicks and punches; contusions and abrasions, severe damage to his nerves and nervous system, and various other ills and injuries.

30. As a further result of this accident, the Plaintiff has been obligated to receive and undergo medical attention and care for his injuries, and to incur various expenses for said care, and he may be obligated to continue to expend such sums and to incur such expenses for an indefinite period of time in the future.

31. As a further result of this accident, the Plaintiff has suffered an injury which may be in full or part a cosmetic disfigurement which is or may be permanent, irreparable, or severe.

32. As a further result of this accident, the Plaintiff has been unable to attend to his daily chores, duties and occupations, and may be unable to do so for an indefinite time in the future.

33. As a further result of this accident, the Plaintiff has or may suffer severe loss of his earnings and impairment of his earning capacity and power, and may continue to suffer such a loss for an indefinite time in the future.

34. As a direct and reasonable result of the accident, the Plaintiff has and may continue to in the future incur other financial expenses or losses which to which he may otherwise be entitled to recover.

35. As a further result of the accident, the Plaintiff has suffered severe physical pain, aches, mental anguish, and humiliation, inconveniences, and loss of life's pleasures, and he may continue to suffer the same for an indefinite time in the future.

**WHEREFORE**, the Plaintiff, Joseph Peronace, demands damages of the Defendant, City of Philadelphia, in a sum in excess of $50,000.00, plus interest, costs and attorneys fees.

                              **ROVNER, ALLEN, ROVNER,**
                              **ZIMMERMAN, SIGMAN & SCHMIDT**

                        By:  /s/ Jeffrey I. Zimmerman
                              JEFFREY I. ZIMMERMAN, ESQUIRE
                              JEFFREY D. SCHMIDT, ESQUIRE
                              Attorneys for Plaintiff,
                              Joseph Peronace

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSEPH PERONACE | : | CIVIL ACTION - LAW |
| v. | : | NO. 23-3943-KSM |
| CITY OF PHILADELPHIA | : | |

**CERTIFICATE OF SERVICE**

I, JEFFREY I. ZIMMERMAN, Esquire, hereby certify that on this 6th day of November 2023, I served a true and correct copy of Plaintiff's Amended Civil Action Complaint by electronic filing on:

Irene Lu, Esquire

ROVNER, ALLEN, ROVNER,
ZIMMERMAN, SIGMAN AND SCHMIDT

BY: /s/Jeffrey I. Zimmerman
JEFFREY I. ZIMMERMAN
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH PERONACE | : | CIVIL ACTION - LAW |
| v. | : | NO. 23-3943-KSM |
| CITY OF PHILADELPHIA | : | |

## **VERIFICATION**

    I, Jeffrey I. Zimmerman, Esquire, being duly sworn according to law, deposes and says that he is authorized to make this Verification on behalf of the Plaintiff and that the facts set forth in the foregoing Pleading are true and correct to the best of his knowledge, information and belief.

    This statement is made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

    /s/ Jeffrey I. Zimmerman
    Jeffrey I. Zimmerman

Date:  November 6, 2023