IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **JOSEPH PERONACE** | : | |
| | : | **CIVIL ACTION** |
| Plaintiff | : | No. 23-03943 |
| | : | |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | |
| | : | |
| Defendant | : | |
| | : | |

# ORDER

AND NOW, this _____ day of _____, 2023, upon consideration of the Motion to Dismiss Plaintiff's Amended Complaint, brought by the City of Philadelphia, it is **HEREBY ORDERED** that the Motion is **GRANTED** and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

BY THE COURT:

_____, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH PERONACE | : |
| | : |
| | : CIVIL ACTION |
| Plaintiff | : No. 23-03943 |
| | : |
| v. | : |
| | : |
| CITY OF PHILADELPHIA | : |
| | : |
| Defendant | : |
| | : |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM

Defendant City of Philadelphia, by and through the undersigned counsel, hereby files this Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this Motion, Defendant incorporates the attached Memorandum of Law. Defendant respectfully requests that this Court dismiss the claims asserted against it with prejudice.

Respectfully submitted,

Date:  November 20, 2023

*/s/ Irene Lu*
Irene Lu
Assistant City Solicitor
Pa. Attorney ID No. 318310
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-2971 (phone)
(215) 683-5397 (fax)
Irene.Lu@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH PERONACE | : |
| Plaintiff | : CIVIL ACTION |
| | : No. 23-03943 |
| v. | : |
| CITY OF PHILADELPHIA | : |
| Defendant | : |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR
FAILURE TO STATE A CLAIM**

This Court should dismiss Plaintiff Joseph Peronace's Amended Complaint because it fails to satisfy the pleading requirements for each of the two claims asserted.

Plaintiff Joseph Peronace asserts claims against the City of Philadelphia in connection with his incarceration on or about May 19, 2022, and May 31, 2022. Plaintiff alleges that he was subjected to a series of illegal actions, including being denied assistance to go to the bathroom, having his jail cell unlocked and having unknown individuals enter and assault him, and being denied repeated requests for medical treatment before being transferred to Jefferson Torresdale Hospital. See Amend. Compl. ECF No. 8 at ¶¶ 6-16. Plaintiff's Amended Complaint, as construed, brings claims of Negligence (Count I) and Section 1983 violations (Count II) against Defendant City of Philadelphia.

**I.    BACKGROUND**

On April 18, 2023, Plaintiff filed a Praecipe to Issue Writ of Summons in the Court of Common Pleas of the County of Philadelphia. See ECF No. 1 at p 1. The next day, on April 19, 2023, Plaintiff filed a Motion for Pre-Complaint Discovery before filing his Complaint nearly five

2

months later, on September 13, 2023. See id. During the intervening period between Plaintiff's filing of the Writ and the Complaint, Defendant City of Philadelphia produced hundreds of pages of records. Despite Defendant's production of a voluminous record, Plaintiff's original Complaint, as filed, was in violation of the pleading requirements of the Pennsylvania Rules of Civil Procedure for failure to include causes of action or counts related thereto. See, 231 Pa. Code § 1020(a). On October 12, 2023, Defendant City removed this instant case to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1446(d). ("Notice of Removal") ECF No. 1 at p 1. Defendant City then moved for a more definite statement pursuant to the Federal Rules of Civil Procedure 12(e) as it could not reasonably prepare a response to such a vague and ambiguous pleading. See ECF No. 3. At the Parties' Rule 16 Conference, Plaintiff requested an additional week to file an amended complaint beyond his deadline to respond to Defendant's 12(e) motion. See ECF No. 6. Now, as filed, Plaintiff's Amended Complaint fares little better than his original and Defendant is left to construe his claims as purportedly related to his factual allegations.

      II.        12(b)(6) LEGAL STANDARD

A plaintiff cannot survive a motion to dismiss under Rule 12(b)(6) without stating a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Put differently, while a court should accept the truth of a complaint's factual allegations, it should not credit a plaintiff's "bald assertions" or "legal conclusions." Anspach v. City of Phila., 503 F.3d 256, 260 (3d Cir. 2007). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Id. (quotations omitted).

### A. Plaintiff's Negligence (Count I) Claim Should be Dismissed as it is Barred by the Pennsylvania Political Subdivisions Tort Claims Act

To the extent that Plaintiff intends to assert a negligence claim against the City, Plaintiff's claim is prohibited by the Torts Claims Act and its enumerated exceptions. See, 42 Pa. Cons. Stat. Ann. § 8541. Here, Plaintiff claims for the alleged negligent failures of Defendant City to provide medical care, assistance to access the toilet, a clean and sanitary jumpsuit; and in preventing unknown individuals from entering Plaintiff's jail cell. Amend. Compl. ECF No. 8 at ¶¶ 22-23. Plaintiff's claim does not fit within any of the nine exceptions to the City's grant of immunity under the Tort Claims Act.[1] "A claimant seeking to impose liability on a local agency has the burden of establishing that the negligent act falls within one of the exceptions to sovereign immunity enumerated in subsection 8542(b) of the Judicial Code." City of Phila. v. Glim, 613 A.2d 613, 616 (1992). Exceptions to governmental immunity "are strictly construed and narrowly interpreted." Weaver v. Franklin Cnty., 918 A.2s 194, 200 (Pa. Commw. 2007); Finn v. City of Phila., 541 Pa. 596, 601, 664 A.2d 1342 (1995). Otherwise, the defense of governmental immunity "is an absolute defense" not "subject to any procedural device that could render a governmental agency liable beyond the exceptions granted by the legislature." In re The Upset Sale of Properties (Skibo), 522 Pa. 230, 232 (1989); see McShea v. City of Phila., 606 Pa. 88, 99 (2010). As such, Plaintiff's Count I negligence claim is prohibited by the Torts Claims Act and its enumerated exceptions and therefore must be dismissed.

---

[1] The nine exceptions that may impose liability on a local agency relate to: (1) Vehicle liability; (2) Care, custody or control of personal property; (3) Care, custody or control of real property; (4) Trees, traffic controls and street lighting; (5) Utility service facilities; (6) Streets; (7) Sidewalks; (8) Care, custody or control of animals; and (9) Sexual abuse. 42 Pa. Cons. Stat. Ann. § 8542 (b)(1)-(9).

4

### B. Plaintiff's Civil Rights Under Section 1983 (Count II) Claim Should be Dismissed against for Failure to Plead ANY Facts Alleging a Claim

As a preliminary matter, to the extent that Plaintiff intends to assert a "Civil Rights Under Section 1983" claim against the City, Section 1983 is not a claim in and of itself, but a cause of action for alleged constitutional violations. See <u>Wright v. City of Phila.</u>, 409 F.3d 595, 599 (3d Cir. 2005) ("Section 1983 provides a cause of action against any person who, acting under color of state law, deprives another of his or her federal rights."); <u>Gariffo Real Est. Holdings Co. v. City of Phila.</u>, No. CIV.A. 05-6153, 2007 WL 1410607, at *5 (E.D. Pa. May 11, 2007) ("Absent a constitutional violation, there is no cause of action under § 1983."). As such, Plaintiff's Count II claim is either asserting a vehicle for a cause of action rather than the claim itself, or is to be construed as a catchall for <u>specific</u> civil rights violations. If it were to be construed as the latter, Plaintiff's sweeping list of alleged constitutional violations in one count is again violating Rules 8 and 10 of the Federal Rules of Civil Procedure despite Defendant's 12(e) motion for a more definite statement.[2] Plaintiff's Count II claim as pled, must be dismissed for the multiple following reasons: it is either not a claim with a cause of action or fails to properly state a claim pursuant to the Federal Rules of pleading.

Plaintiff's Count II claim should additionally be dismissed for failure to plead any facts alleging a claim against Defendant City. Plaintiff's allegations for his Section 1983 claim are wholly based upon the conduct of the City's employees. It is axiomatic that a municipality cannot be held liable under § 1983 for its employees' constitutional torts by way of respondeat

---

[2] As Defendant indicated, "Instead of pleading specific claims separately into a different count for each cause of action or claim for relief, Plaintiff lumps together all his factual averments, causes of actions, and claims into paragraphs. Plaintiff is required to identify each cause of action he asserts and conform to the pleading requirements under the Federal Rules of Civil Procedure Rules 8 and 10 to allow Defendant an opportunity to identify the claims against it and adequately respond." ECF No. 3 at p. 3.

superior. McGreevy v. Stroup, 413 F.3d 359, 367 (3d Cir. 2005) (citing Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978)). A municipality, such as the City, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell, 436 at 694; see also, Mulholland v. County of Berks, 706 F.3d 227, 237 (3d Cir. 2013) ("Section 1983 does not permit a municipality to be held vicariously liable for the acts of its employees").

Here Plaintiff's sole allegation against Defendant City is that it acted through the conduct of its employees: "Defendant herein acted through the conduct of their servants, agents and employees, including guards and correctional officers" Amend. Compl. ECF No. 8 at ¶ 4; "At all times material and relevant to the instant Complaint, the Defendant acted through its employees, agents and prison guards/corrections officers under color of state law …." Id. at ¶ 17; "At all times material and relevant to the instant Complaint, the Defendant acted through its employees, agents and prison guards/corrections officers, under color of state law…." Id. at ¶ 18; "At all times material and relevant to the instant Complaint, the Defendant acted through its employees, agents and prison guards/corrections officers, under color of state law…." Id. at ¶ 19. Plaintiff's conclusory allegations as to the conduct of its employees as plausibly alleging unconstitutional municipal action are insufficient, and seeks to hold the City of Philadelphia liable under a vicarious liability theory which is patently improper under Monell. See McMillan's v. Dep't of Hum. Serv. of Pa., No. CV 18-2080, 2018 WL 3957077, at *7 (E.D. Pa. Aug. 16, 2018) (granting municipality City of Norristown's 12(b)(6) motion on Plaintiff's Section 1983 claim where no constitutional violation was alleged other than injuries inflicted by its agents or employees).

For the above stated reasons, Plaintiff's Count II Section 1983 claim against Defendant City must be dismissed for failure to plead any factual allegations.

### III.     DISMISSAL **WITH PREJUDICE**

Because Plaintiff has filed an Amended Complaint as against the same party and with the same defects in the failure to plead, on the same claims, leave to amend would be futile. See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew, 944 F.3d 478, 483 (3d Cir. 2019) (amendment of complaint by pro se plaintiff would be futile "because § 1983 does not allow vicarious liability" and plaintiff "already had two chances to tell his story" and failed in both to properly allege a claim even where liberally construed).

An amended complaint should be dismissed with prejudice where it remains unchanged from the original complaint that fails to adequately plead a claim. See Ezeibe v. City of York, No. 1:19-CV-00189, 2020 WL 1922632, at *3 (M.D. Pa. Apr. 21, 2020) (dismissing with prejudice Plaintiff's Section 1983 claim in the First Amended Complaint where Plaintiff's allegations remain unchanged from his original complaint which failed to adequately plead a claim against a municipality); Goldsmith v. Goldsmith, No. 2:16-CV-01362, 2017 WL 11471785, at *2 (W.D. Pa. Nov. 22, 2017) (dismissing with prejudice Plaintiff's Amended Complaint against Defendant City of Pittsburgh where it contained no new factual allegations relative to the City); Hill v. Borough of Pottstown, No. CIV.A. 11-22, 2012 WL 4473205, at *8 (E.D. Pa. Sept. 28, 2012) (dismissing with prejudice Plaintiff's Section 1983 claim against a municipality, the Borough of Pottstown, where "Plaintiff's Amended Complaint is devoid of any allegation that said Defendant deprived her of any protected right …."); Simpson v. City of Coatesville, No. CIV.A. 10-0100, 2010 WL 3155307, at *13 (E.D. Pa. July 28, 2010) (dismissing with prejudice Plaintiff's Amended Complaint claim against the City where his alleged facts "fail to state a claim for municipal liability pursuant to Monell" and denying his Petition to Amend Complaint.).

Here, Plaintiff's Amended Complaint is seemingly unchanged from his original deficient complaint with the exception of headings "COUNT I …" and "COUNT II … " tacked onto certain groupings of paragraphs.[3] Plaintiff's Amended Complaint, along with his original complaint, are wholly insufficient. This deficiency is all the more grievous in light of the procedural history of this case with: (1) extensive pre-complaint discovery and Defendant's voluminous production of records responsive to Plaintiff's requests in state court prior to his filing of the original Complaint; (2) Defendant's motion for a more definite statement pursuant to the Rules of Civil Procedure 12(e) which detailed the deficiencies in Plaintiff's complaint and pled for a properly amended complaint after the instant case was removed; (3) Defendant's conferral with Plaintiff's attorney of record on the insufficiency of his pleading during the parties' Rule 26(f) conference; (4) and Defendant's consent to an additional time of seven days for Plaintiff to file an amended complaint.

Plaintiff has had more than ample and multiple opportunities to properly amend his complaint and repeatedly failed. Further amendment would be futile. For the foregoing reasons, Defendant respectfully requests that this Court dismiss the claims in Plaintiff's Amended Complaint with prejudice.

Respectfully submitted,

Date:  November 20, 2023

/s/ Irene Lu
Irene Lu
Assistant City Solicitor
Pa. Attorney ID No. 318310
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-2971 (phone)

---

[3] Plaintiff was required to submit to this Court a redlined copy of his Amended Complaint per Judge Marston's Policies and Procedures. His file as submitted to the Court and carbon copied to Defendant was corrupted and could not be opened by Defendant. Plaintiff failed to respond to Defendant's November 15, 2023 email request for a copy of his redlined Amended Complaint.

(215) 683-5397 (fax)
Irene.Lu@phila.gov

9

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH PERONACE** | : |
| | : |
| | : CIVIL ACTION |
| **Plaintiff** | : No. 23-03943 |
| | : |
| v. | : |
| | : |
| **CITY OF PHILADELPHIA** | : |
| | : |
| **Defendant** | : |
| | : |

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below, the Defendant's Motion to Dismiss for Failure to State a Claim was filed via the Court's electronic filing system and is available for downloading.

Respectfully submitted,

Date: November 20, 2023

*/s/ Irene Lu*
Irene Lu
Assistant City Solicitor
Pa. Attorney ID No. 318310
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-2971 (phone)
(215) 683-5397 (fax)
Irene.Lu@phila.gov