# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH PERONACE | : | CIVIL ACTION - LAW |
| v. | : | NO. 23-3943-KSM |
| CITY OF PHILADELPHIA | : | |

## **ORDER**

AND NOW, this _____ day of _____, 2023, upon consideration of Defendant, City of Philadelphia's, Motion to Dismiss Pursuant to F.R.C.P. Rule 12(b)(6), it is hereby ORDERED and DECREED that Defendant's Motion is denied, with prejudice.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH PERONACE | : | CIVIL ACTION - LAW |
| v. | : | NO. 23-3943-KSM |
| CITY OF PHILADELPHIA | : | |

**PLAINTIFF, JOSEPH PERONACE'S, RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**

The Plaintiff, Joseph Peronace, brings the instant matter against the Defendant, City of Philadelphia, based on violations of his civil rights, which he is afforded under the Eighth Amendment. Specifically, the Plaintiff brings the instant 42 U.S.C. §1983 claim, based on violations of his Eighth Amendment Constitutional rights based on the seminal case of Monell v. New York City Dept. of Social Servs., 436 U.S. 658 (1978), which holds that:

> when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

Id. at 694.

I.   **FACTUAL BACKGROUND:**

The Plaintiff, Joseph Peronace, was incarcerated at Defendant's prison facility on May 19, 2022. See Plaintiff's Amended Complaint at paragraph 6, attached hereto and marked as Exhibit "A." The Defendant's medical staff had difficulty locating a vein in order to perform a blood draw, after which he was designated as "non-compliant," and placed into a jail cell. See Exhibit "A," at paragraphs 7-8. While in this jail cell, the Plaintiff suffered a series of three seizures, causing his

1

legs to become numb and unresponsive, preventing him from being capable of bearing weight, ambulating or moving from any position without assistance. See Exhibit "A," at paragraphs 9-10.

The Plaintiff was unable to reach the toilet in his jail cell and made several requests for assistance, all of which were denied, causing him to lose control and void urine and stool into his clothing. See Exhibit "A," at paragraphs 11-12. Despite requests for assistance, the Plaintiff was left lying in his own waste for extended periods of time. See Exhibit "A," at paragraph 13. On three occasions, the Plaintiff's jail cell was unlocked and unknown and unidentified individuals were permitted to enter the said jail cell and assault the Plaintiff with punches and kicks. See Exhibit "A," at paragraph 14. Also, over this time period, the Plaintiff made repeated requests to be seen by Defendant's medical staff, all of which were ignored. See Exhibit "A," at paragraph 15.

On May 30, 2022, upon the Plaintiff's medical condition worsening further, he was taken to Jefferson Torresdale Hospital where he received medical treatment. See Exhibit "A," at paragraph 16.

The Plaintiff's allegations of the Defendant's wrong-doing are broadly categorized into three courses of conduct by the Defendant.

1. Failing to provide the Plaintiff with habitable and sanitary conditions by failing to provide him with toileting assistance, failing to assist him with cleaning himself after voiding into his clothing and failing to provide him with sanitary clothing.

2. Failing to provide the Plaintiff with necessary medical care when his legs became numb and unresponsive.

3. Enabling, allowing, permitting or otherwise causing the Plaintiff to be assaulted while in his jail cell and in the Defendant's custody.

## II.    LEGAL STANDARD:

The Defendant brings the instant motion, under F.R.C.P. Rule 12(b)(6), which is designed to test the allegations of the complaint. The standard is set forth as follows:

> A 12(b)(6) motion tests the sufficiency of the allegations contained in the complaint. **The question, then, is whether "the facts alleged in the complaint, even if true, fail to support the ... claim."** The pleader is required to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist."
>
> **We therefore accept all factual allegations in the complaint as true and give the pleader the benefit of all reasonable inferences that can be fairly drawn therefrom.**

Kost v. Kozakiewicz, 1 F. 3d 176 (3d. Cir. 1993) (citations omitted).

### A.    Plaintiff's Count I Addresses Constitutional Violations of the Defendant, and Does Not Implicate the Pennsylvania Political Subdivisions Tort Claims Act.

The Defendant asserts that the Plaintiff's Count I should be dismissed, as it does not fit into one of the specifically enumerated exceptions contained within the Pennsylvania Political Subdivisions Tort Claims Act. **The main thrust of the Plaintiff's Complaint, that being that his civil rights under the Eight Amendment have been violated, are not based on state law claims.** The Plaintiff has not pled, nor relied upon, the Pennsylvania Political Subdivisions Tort Claims Act. The specific allegations contained within Count I are as follows:

> 23.    The negligent, reckless and outrageous conduct of the Defendants consisted, inter alia, of the following:
>
> (a)    failing to provide the Plaintiff with necessary and appropriate medical care upon being informed by the Plaintiff that his legs were numb, unresponsive and that he could not ambulate;
>
> (b)    failing to provide the Plaintiff with necessary and appropriate medical care upon requests for medical assistance;

3

(c) failing to provide the Plaintiff with assistance to access the toilet when he was unable to do so without assistance due to the numbness and unresponsiveness of his legs and his inability to ambulate;

(d) causing the Plaintiff remain in his own unsanitary urine and fecal waste for extended periods of time when the Defendant was aware that he was physically unable to clean himself;

(e) failing to provide the Plaintiff with a clean and sanitary jumpsuit;

(f) permitting, allowing or causing unknown and unidentified individuals to enter the Plaintiff's jail cell to assault him; and

(g) permitting, allowing or causing unknown and unidentified individuals to enter the Plaintiff's jail cell when the Defendant's employees were aware of the intent of said individuals to assault and cause harm to the Plaintiff.

It may be the inclusion of the word "negligent" which triggered the Defendant's assumption that this Count applied to the Pennsylvania Political Subdivisions Tort Claims Act, but this is not the case. 42 Pa. C.S.A. 8541 et seq. is not pled, nor implicated in this Complaint. **Furthermore, the Count is not titled "Negligence (Count I)" as stated by the Defendant on page 2 of its motion, but rather is titled as "<u>Negligent, Reckless and Outrageous Conduct.</u>[1]"** A cursory reading of Count I reveals that this is a recitation of the specific factual instances of conduct which form the basis of the Plaintiff's allegations of the Defendant's misconduct. In any event, this case is brought due to Constitutional violations and, as such, reckless and outrageous conduct are actionable if such conduct constitute Constitutional violations.

Under the Eight Amendment to the Constitution of the United States, cruel and unusual punishments shall not be inflicted. Paragraph 23 of the Amended Complaint specifically pleads that

---

[1] Based on the prevailing legal standard and to clear any confusion, it would be appropriate to strike the word "negligent" from the Complaint.

the aggrieved conduct was (1) the failure to provide the Plaintiff with habitable and sanitary conditions; (2) the failure to provide the Plaintiff with medical care; and (3) causing or permitting his assault. The clear language of each of the above sub-paragraphs apply to the conditions of the Plaintiff's confinement. As such, Count I is brought by the Plaintiff against the Defendant based on the Defendant's violations of his Eight Amendment rights, as incorporated by Title 1983, not based on state law violations, as Section A of the Defendant's Motion to Dismiss incorrectly asserts.

    **B.**    **The Plaintiff Has Clearly Pled the Facts Which Form the Basis of His Claim That His Constitutional Rights Have Been Violated.**

The Defendant states, in its Motion, that "[a]s a preliminary matter...Section 1983 is not a claim in and of itself, but a cause of action for alleged constitutional violations." See Defendant's Motion at page 5. As set forth above, the instant claim is based on violations of the Plaintiff's Eighth Amendment rights as brought pursuant to §1983 as the vehicle for bringing such an action.

The Eighth Amendment dictates that a citizen shall not be subject to "cruel and unusual punishments inflicted." A private cause of action for such violations has been legislatively promulgated by 42 U.S.C. §1983, under which:

> **Every person who, under color of any** statute, ordinance, regulation, **custom,** or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, **any citizen** of the United States or other person within the jurisdiction thereof to **the deprivation of any rights, privileges, or immunities secured by the Constitution** and laws, **shall be liable to the party injured in an action** at law, suit in equity, or other proper proceeding for redress

The Plaintiff brings the instant 42 U.S.C. §1983 claim, based on violations of his Eighth Amendment Constitutional rights based on the seminal case of Monell v. New York City Dept. of Social Servs., 436 U.S. 658 (1978), which holds that the government may be held responsible for policies which cause such violations:

when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

Id. at 694.

The facts and pleadings, as set forth, do not seek to hold the Defendant responsible under a theory of *respondeat superior*, but rather under the Monell standard[2]. The Defendant, in its motion, states that "Here Plaintiff's sole allegation against Defendant City is that it acted through the conduct of its employees." Defendant's Motion at page 6. **This is simply not the case.**

First, the allegations contained in Count II do affirmatively cite to the factual averments contained earlier in the Plaintiff's Complaint, specifically in paragraph 23. Indeed, paragraph 24 specifically incorporates these averments, as follows:

> 24.   The Plaintiff incorporates herein, by reference thereto, paragraphs one through twenty-three, inclusive, as though the same were set forth herein at length.

Second, based on the clear language of the Complaint, all actions are attributable to the Defendant based on their ownership, operation, management, control and supervision of the subject jail, as follows:

> 3.   At all times material and relevant to the instant Complaint, the Defendant **owned, operated, managed, controlled, supervised the daily operations and running of a prison**, jail, incarceration facility, detention center and/or correctional facility known and designated as "Curran Fromhold Correctional Facility" and located at 7901 State Road, Philadelphia, Pennsylvania.
>
> 4.   At all times material and relevant hereto, the Defendant herein acted through the conduct of their servants, agents and employees, including guards and

---

[2]   The instant matter has been brought well in advance of the two year statute of limitations as a Monell claim. The employees of the Defendant who are responsible for violating the Plaintiff's Constitutional rights have not yet been identified, but discovery is continuing and they, once identified, will be the subject of suit.

correctional officers, said individuals acting on behalf of the Defendant and in the course of the performance of their official duties.

     5.    At all times material and relevant hereto, the Defendant was required to prevent, avoid and refrain from taking any actions which they should reasonably expect to cause injuries to inmates, including the Plaintiff herein.

This supervision and control is the main thrust of a Monell claim, as the inadequacy of the Defendant's official policy or custom caused a violation of the Plaintiff's Constitutional rights, **which has been clearly pled in the Complaint.**

The Defendant's argument that the Plaintiff seeks to impose liability on the Defendant through *respondeat superior*, is simply not the case, nor is such a position reflected in the Complaint.[3]

### III. CONCLUSION:

The Defendant's burden, when filing a Motion pursuant to F.R.C.P. Rule 12(b)(6), is to demonstrate that the facts, as pled in the Complaint and all taken as true for purposes of the Motion, fail to support the existence of a claim. **This is simply not the case herein.**

The Complaint has set forth three categories of wrong-doing by the Defendant, each of which violates his Eighth Amendment right to be free from cruel and unusual punishment, as follows:

1. Failing to provide the Plaintiff with habitable and sanitary conditions by failing to provide him with toileting assistance, failing to assist him with cleaning himself after voiding into his clothing and failing to provide him with sanitary clothing.

2. Failing to provide the Plaintiff with necessary medical care when his legs became numb and unresponsive after suffering multiple seizures.

---

[3] The Plaintiff has propounded discovery upon the Defendant which is intended to reveal the identities of the Defendant's employees against whom a direct action will be brought. Depositions were scheduled for the morning of November 28, 2023, which were cancelled by the Defendant shortly before they were scheduled to begin.

3.   Allowing, permitting or otherwise causing the Plaintiff to be assaulted while in his jail cell and in the Defendant's custody while unable to defend himself as the result of suffering multiple seizures and not having the use of his legs.

The Plaintiff has pled the elements of a Monell claim, that being that the policy or custom of the Defendant was violative of the Plaintiff's Eighth Amendment civil rights.  Section A of the Defendant's Motion misstates the nature of the Plaintiff's Complaint, framing Count I as a state law claim rather than a Constitutional claim, which is inaccurate and irrelevant.  As such, the Plaintiff's Complaint has set forth a claim upon which relief can be granted and the Defendant's motion must be denied.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court deny Defendant, City Of Philadelphia's, Motion to Dismiss pursuant to F.R.C.P. Rule 12(b)(6), with prejudice.

ROVNER, ALLEN, ROVNER,
ZIMMERMAN, SIGMAN AND SCHMIDT

/s/ Jeffrey I. Zimmerman
Jeffrey I. Zimmerman, Esquire
175 Bustleton Pike
Feasterville, PA 19053
(215) 953-2706
Attorney for Plaintiff,
Joseph Peronace

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH PERONACE | : | CIVIL ACTION - LAW |
| v. | : | NO. 23-3943-KSM |
| CITY OF PHILADELPHIA | : | |

**CERTIFICATION OF SERVICE**

I do hereby certify that service of a true and correct copy of the Plaintiff's Response to Defendant, City of Philadelphia's, Motion to Dismiss Pursuant to F.R.C.P. Rule 12(b)(6) was made on this 28th day of November, 2023, to the party listed below by electronic filing.

**Irene Lu, Esquire**

ROVNER, ALLEN, ROVNER,
ZIMMERMAN, SIGMAN AND SCHMIDT

/s/ Jeffrey I. Zimmerman
Jeffrey I. Zimmerman, Esquire
175 Bustleton Pike
Feasterville, PA 19053
(215) 953-2706
Attorney for Plaintiff,
Joseph Peronace