IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH PERONACE | : | CIVIL ACTION - LAW |
| v. | : | NO. 23-3943-KSM |
| CITY OF PHILADELPHIA | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I.   INTRODUCTION:**

Now before the Court is Plaintiff's Motion for Summary Judgment pursuant to F.R.C.P. Rule 56 and this Honorable Court's Policies and Procedures. The Plaintiff seeks to recover damages due to violations of his Eighth Amendment right to be free from cruel and unusual punishment. The Defendant was in receipt of a spoilation letter, requesting that the Defendant preserve video surveillance which would have substantiated his claims and shown access to his jail cell being given to multiple assailants on multiple occasions.

The Defendant, who was in sole custody and control of the subject video surveillance and had the exclusive ability to affect its preservation, failed to do so. Instead the Defendant destroyed the subject video surveillance and preserved other short video clips which support its own defenses to the Plaintiff's lawsuit.

**II.   SUMMARY JUDGMENT STANDARD:**

"The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." F.R.C.P. Rule

1

56(a). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). A factual dispute is "material" only if it might affect the outcome of the suit under governing law. Id. All inferences must be drawn, and all doubts must be resolved, in favor of the non-moving party. See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Gans v. Mundy, 762 F.2d 338, 341 (3d Cir. 1985). "An inference based on speculation or conjecture does not create a material factual dispute sufficient to defeat entry of summary judgment." Modaffare v. Owens-Brockway Glass Container, Inc., 643 F. Supp. 2d 697, 700 (E.D. Pa. 2009).

When moving for summary judgment, the moving party bears the initial burden of identifying those portions of the record that he believes demonstrate the absence of material fact disputes. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To defeat summary judgment, the non-moving party must respond with facts of record that contradict the facts identified by the moving party and may not rest on mere denials. First Natl. Bank of Pa. v. Lincoln Natl. Life Ins. Co., 824 F.2d 277, 282 (3d Cir. 1987).

Although all justifiable inferences must be drawn in favor of the non-moving party, the "moving party is entitled to summary judgment where no reasonable resolution of conflicting evidence and inferences therefrom could result in a judgment for the non-moving party." Schwartz v. Hospital of Univ. of Pa., 1993 WL 153810 at *2 (E.D. Pa. May 7, 1993).

### III.   STATEMENT OF UNDISPUTED FACTS:

The Plaintiff incorporates his Statement of Undisputed Facts, as though set forth more fully herein.

**IV.     LEGAL ARGUMENT:**

    **A.     The Prevailing Law Pertaining to Spoliation:**

The Plaintiff brings the instant motion for summary judgment pursuant to F.R.C.P. Rule 37(e), which pertains to the failure to preserve electronically stored information. Under F.R.C.P. Rule 37(e):

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
>     (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
>     (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
>         (A) presume that the lost information was unfavorable to the party;
>
>         (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>
>         (C) dismiss the action or enter a default judgment.

The failure to preserve electronically stored information is known as "spoliation." As set forth in <u>Bistrian v. Levi</u>, 448 F. Supp. 3d 454 (E.D. Pa. 2020):

> Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." <u>Paramount Pictures Corp. v. Davis</u>, 234 F.R.D. 102, 110 (E.D. Pa. 2005). When a district court finds that spoliation has occurred, it has the authority to fashion an appropriate sanction to remedy the damage to other parties.

Id. at 464. Upon a showing that spoliation has occurred, pursuant to F.R.C.P. Rule 37(e), it is within the district court's prerogative to determine appropriate sanctions, which may include an adverse inference or "even impose case-dispositive sanctions" if such sanctions are appropriate. Id. at 466.

The Third Circuit has set forth the three factors for consideration in determining the appropriate spoliation sanctions, as follows:

> (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future.

Id. citing GN Netcom, Inc. v. Plantronics, Inc., 930 F.3d 76, 82 (3d Cir. 2019).

**B.  Spoliation of Video in the Context of a Civil Rights Case by a Prison Inmate Examined by this Court in Bistrian v. Levi, 448 F. Supp. 3d 454 (E.D. Pa. 2020):**

The fact pattern in Bistrian, 448 F. Supp. 3d 454 (E.D. Pa. 2020), is remarkably similar to the instant matter, wherein the Plaintiff brought a civil rights case against the Bureau of Prisons due to constitutional violations which included being the victim of assaults at the hands of other inmates. Id. at 463.  As is the case herein, "[t]he FDC [Defendant in Bistrian] has a vast network of surveillance cameras that capture most everything that takes place within the facility." Id. at 463. However, as is the case herein, "[t]he footage is no longer available." Id. at 464.

In Bistrian, as is the case in the instant matter, there was no dispute that the "video cannot be replaced or restored through additional discovery." Id. at 475.  The Court determined that its role was to determine whether the Defendant intentionally destroyed the video, thereby bringing the spoliation under F.R.C.P. Rule 37(e).  The methodology used by the Court to make such a determination utilizing circumstantial evidence is as follows:

> Because courts are unable to "examine [a party's] head" to "confirm [whether they] acted in bad faith," courts look to circumstantial evidence to determine intent. The timing of the destruction can be a factor. So can the method of deletion—automatic overwriting is generally less culpable than affirmative deletion, which in turn is less culpable than taking additional steps to erase backup copies. **Selective preservation can also reflect intent. Common sense suggests that when a party preserves helpful or neutral information while deleting harmful information, that tends to indicate intentionality.** A spoliating party's own policies may be instructive, as well—destroying evidence in violation of an internal policy requiring preservation is more likely to be deliberate.

Id.

### C. The Defendant Has Committed Spoliation of the Video Surveillance Which it Was Requested to Preserve and Which Would Have Shown the Subject Matter of the Instant Matter:

In the instant matter, the facts of the case meet the standard set forth in F.R.C.P. Rule 37(e) for the spoliation of the video surveillance.

First, the video should have been preserved in the anticipation or conduct of litigation. As set forth and incorporated herein from the Plaintiff's Undisputed Statement of Facts, a spoliation letter was served upon the Defendant. This letter was received by the Defendant, as an email confirmation has been provided and through the F.R.C.P. Rule 36 Requests for Admissions. This placed the Defendant on notice of the intent to pursue litigation as the result of actions which would have been established by the video. Also, Deputy Warden Major Patricia Powers conceded at her deposition that upon the receipt of a spoliation letter, the video of which the letter was the subject should have been preserved.

Second, the Defendant did more than fail to take reasonable steps. Despite the receipt of the June 10, 2022 letter, the Defendant did not preserve any of the requested video surveillance from when the Plaintiff was in his jail cell. However, and more importantly, the Defendant did preserve

portions of video specifically selected by its employees which show the Plaintiff once he had finally been taken to the medical unit and was being evaluated prior to his transport to the hospital. This demonstrates much more than a "failure to take reasonable steps," but an intentional, volitional decision to not preserve the video which would have supported the Plaintiff's case but to still preserve portions of video which showed the Plaintiff in the medical unit, not in apparent distress and supportive of the defense position.

Third, it is not disputed that this video surveillance is irretrievably lost. It was in the Defendant's sole possession in the Defendant's facility and on a server only accessible by the Defendant. If there were any possibility of the recovery of this video, which had been requested by the Plaintiff through counsel, it would have happened during the pendency of this lawsuit.

### D. The Plaintiff Has Been Prejudiced by the Defendant's Spoliation of the Video Surveillance:

The Plaintiff has suffered extreme prejudice due to the Defendant's failure to preserve [at the very least] or destruction of the subject video.

First, without the subject video to show whether the cell to the Plaintiff's jail cell was opened in order to permit block workers to enter his cell and assault him, the Plaintiff is left with attempting to prove his case by testimony and a weighing of credibility. The Defendant asserts that such actions did not occur and could not have at the CFCF facility. However, the question of whether these actions did occur would have been revealed by the preservation of the video surveillance. Indeed, Ms. Powers testified that if the requested video had been preserved, it would have shown each time the door to the Plaintiff's jail cell was opened and who would have come in and out of his cell. See

deposition of Patricia Powers at N.T. 132:23 - 133:14, attached to Plaintiff's Statement of Undisputed Facts as Exhibit "B."

Furthermore, the Defendant has not even come forth with an assertion that any agent or employee of the Defendant even viewed the video surveillance prior to its deletion to make its own determination as to the veracity of the allegations made by the Plaintiff and contained within the June 10, 2022 spoliation letter.

Second, due to the Defendant's failure to preserve the video surveillance, the Plaintiff is unable to ascertain which correctional officers employed by the Defendant enabled and assisted in opening the Plaintiff's jail cell door in order for the block workers to assault the Plaintiff. As the direct result, the Plaintiff is without the ability to bring a lawsuit directly against the correctional officers perpetrating such actions, leaving the Plaintiff's sole recourse as the bringing of the instant Monell claim, a far more difficult standard.

This has entirely deprived the Plaintiff of an entire cause of action which he would have brought against specific individuals employed by the Defendant. This deprivation is only made possible due to by the Defendant's failure to preserve the subject video surveillance.

While the Court in Bistrian did not find an intent to destroy the video because there was not notice of the pending litigation during the overwriting window, that is not the case herein. In the instant matter, the Defendant was put on notice of the pending litigation almost immediately and well within the window where the video would not have been overwritten. Indeed, the Defendant was able to preserve clips of video which would have been supportive of the defense case, establishing that it was aware that there was a pending litigation specifically involving the Plaintiff herein.

**V.    CONCLUSION:**

For the reasons set forth above, the Plaintiff respectfully requests that this Honorable Court grants summary judgment in favor of the Plaintiff as set forth in the Proposed Order.

                      Respectfully submitted:

                      ROVNER, ALLEN, ROVNER,
                      ZIMMERMAN, SIGMAN AND SCHMIDT

                      <u>/s/ Jeffrey D. Schmidt</u>
                      Jeffrey D. Schmidt, Esquire
                      Jeffrey I. Zimmerman, Esquire
                      175 Bustleton Pike
                      Feasterville, PA 19053
                      (215) 953-2706
                      Attorneys for Plaintiff,
                      Joseph Peronace