IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH PERONACE** : | |
| : | **CIVIL ACTION** |
| Plaintiff : | No. 23-03943 |
| : | |
| v. : | |
| : | |
| **CITY OF PHILADELPHIA** : | |
| : | |
| Defendant : | |

# ORDER

**AND NOW**, this _____ day of _____, 2024, upon consideration of Plaintiff's Motion for Summary Judgment, Defendant's Response and Reply hereto, it is hereby **ORDERED** that the Plaintiff's Motion is **DENIED**, and **JUDGMENT IS ENTERED** in favor of Defendant, and against Plaintiff as to all claims in Plaintiff's Second Amended Complaint.

BY THE COURT:

_____
**KAREN S. MARSTON, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH PERONACE | : |
|                   Plaintiff | : CIVIL ACTION<br>: No. 23-03943 |
| v. | : |
| CITY OF PHILADELPHIA | : |
|                   Defendant | : |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant City of Philadelphia hereby files this Response to Plaintiff's Motion for Summary Judgment. Defendant incorporates by reference the attached Memorandum of Law and Statement of Undisputed Facts. Defendant respectfully requests that this Court deny Plaintiff's motion for grant summary judgment for the reasons set forth therein.

                                                        Respectfully submitted,

Date:  March 27, 2024                                     */s/ Irene Lu*
                                                              Irene Lu
                                                              Assistant City Solicitor
                                                              Pa. Attorney ID No. 318310
                                                              City of Philadelphia Law Department
                                                               1515 Arch Street, 14th Floor
                                                               Philadelphia, PA 19102
                                                               (215) 683-2971 (phone)
                                                               (215) 683-5397 (fax)
                                                               Irene.Lu@phila.gov

## TABLE OF AUTHORITIES

Page(s)

Cases

Aiello v. Chester Downs,
   2021 WL 3022438 (E.D. Pa. July 15, 2021)...............................................................................4
Bistrian v. Levi,
   448 F. Supp. 3d 454 (E.D. Pa. 2020) ........................................................................................3
Bozic v. City of Washington, Pa.,
   912 F. Supp. 2d 257 (W.D. Pa. 2012) ......................................................................................4
Brewer v. Quaker State Oil Ref. Corp.,
   72 F.3d 326 (3d Cir. 1995).........................................................................................................3
Bull v. United Parcel Serv., Inc.,
   665 F.3d 68 (3d Cir. 2012)................................................................................................... 3, 4
Dunn v. Mercedes Benz of Ft. Washington, Inc.,
   2012 WL 424984 (E.D. Pa. Feb. 10, 2012) ..............................................................................4
First Senior Fin. Grp. v. Watchdog,
   2014 WL 1327584 (E.D. Pa. Apr. 3, 2014) .............................................................................4
Harris v. Jacobs,
   2012 WL 4109052 (E.D. Pa. Sept. 19, 2012) ..........................................................................4
Heck v. Mem'l Health Sys.,
   2012 WL 3597175 (M.D. Pa. Aug. 20, 2012) .........................................................................4
Josey v. John R. Hollingsworth Corp.,
   996 F.2d 632 (3d Cir. 1993).......................................................................................................2
Layden v. Target Corp.,
   768 F. App'x 152 (3d Cir. 2019) ..............................................................................................6
McAdams v. United States,
   297 Fed. App'x 183 (3d Cir. 2008)...........................................................................................1
Pace v. Wal-Mart Stores E., LP,
   799 F. App'x 127 (3d Cir. 2020) ..............................................................................................6
Sears v. McCoy,
   2021 WL 254067, n.7 (M.D. Pa. Jan. 26, 2021).......................................................................5
Smalis v. Home Depot U.S.A., Inc.,
   2023 WL 8479242 (W.D. Pa. Dec. 7, 2023)............................................................................5
State Farm Fire & Cas. Co. v. Cohen,
   2020 WL 5369626 (E.D. Pa. Sept. 8, 2020) ................................................................... 1, 3, 4
Tabon v. Univ. of Pa. Health Sys.,
   2012 WL 2953216 (E.D. Pa. July 20, 2012)............................................................................4
United States v. Nelson,
   481 F. App'x 40 (3d Cir. 2012) ................................................................................................6
Victor v. Lawler,
   2012 WL 1642603 (M.D. Pa. May 10, 2012)..........................................................................4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH PERONACE** : | |
| : | **CIVIL ACTION** |
| **Plaintiff** : | No. 23-03943 |
| : | |
| v. : | |
| : | |
| **CITY OF PHILADELPHIA** : | |
| : | |
| **Defendant** : | |
| : | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT**

Plaintiff Joseph Peronace claims that Defendant City spoliated video in contravention of his video preservation request made on June 10, 2022. On the basis of his unsupported allegations alone, Plaintiff now improperly moves for a highly disfavored adverse inference in the form of summary judgment[1] in his favor on all of his claims. See ECF No. 26-2. There is no evidence other than that Defendant City properly preserved and produced videos upon receipt of Plaintiff's request. This Court should deny Plaintiff's improper motion for summary judgment based solely on his unfounded spoliation allegations, and separately, grant Defendant's motion for summary judgment, ECF No. 27.

**I.      VIDEO SPOLIATION ALLEGATIONS**

On June 10, 2022, attorney Scott Sigman sent, via facsimile, to Curran-Fromhold Correctional Facility (CFCF) Warden Steven Angelucci, noting that his client, Joseph Peronace

---

[1]     "An adverse negative inference is an extreme remedy" for spoliation. McAdams v. United States, 297 Fed. App'x 183, 187 (3d Cir. 2008); see State Farm Fire & Cas. Co. v. Cohen, No. 19-cv-1947, 2020 WL 5369626, at *5 (E.D. Pa. Sept. 8, 2020) (noting that an adverse inference "is a "severe sanction" limited to egregious acts of spoliation.).

1

was incarcerated at CFCF, and that "[during] this time, [Plaintiff] was in quarantine and apparently had the following things happen to him: Multiple (possibly 3) seizures; Remaining and in his own urine and/or feces for a period of time; Being the victim of a brutal attack resulting in his hospitalization at Jefferson University Center City" and noting that "[Warden Angelucci] should preserve all video surveillance discs or tapes showing Joseph Peronace in Quarantine, having seizures, and being attacked" "between May 19, 2022 and June 3, 2022" See Ex. A (Sigman Ltr.). Defendant City preserved three separate video clips of Plaintiff on the day of May 29, 2022 and has properly produced them during the course of discovery. See ECF No. 26-2 p. 5 (describing the video clips which Defendant has produced).

Plaintiff now alleges spoliation in conjunction with videos he claims should have been existing before the day of May 29, 2022, and had they been saved and produced, "would have substantiated his claims…."[2] See ECF No. 26-2. Specifically, Plaintiff claims "Defendant

---

[2] Plaintiff here essentially admits that his claims remain unsubstantiated and cannot point to any supporting evidence in the factual record. He claims that "without the subject video … the Plaintiff is left attempting to prove his case by testimony and a weighing of credibility." ECF No. 26-2 p. 6 (emphasis added). Plaintiff errs where final credibility determinations on material issues cannot be made in the context of a motion for summary judgment, nor can the district court weigh the evidence. Josey v. John R. Hollingsworth Corp., 996 F.2d 632 (3d Cir. 1993).

Plaintiff additionally claims that "due to Defendant's failure to preserve the video, the Plaintiff is unable to ascertain which correctional officers employed by the Defendant enabled and assisted in … the block workers to assault the Plaintiff. As the direct result, the Plaintiff is without the ability to bring a lawsuit directly against the correctional officers perpetrating such actions, leaving the Plaintiff's sole recourse as the bringing of the instant Monell claim, a far more difficult standard." ECF No. 26-2 p. 7. Plaintiff's contention here that without video evidence he was unable to identify individuals for an individual liability claim and necessitated bringing forth a Monell claim is patently absurd where Defendant produced a 70-page Roster Report of every single CFCF employee with Name, Rank, Location worked, and shift hours for the entire period and beyond, of Plaintiff's allegations, between May 19, 2022 and May 31, 2022. At no point is Plaintiff able to name even one individual he accused of the hundred or so who allegedly violated his constitutional rights over a 10-day period; at no point during discovery did Plaintiff attempt to find or depose any alleged violator.

2

destroyed the subject video surveillance and preserved other short video clips which support its own defenses."[3] Id. Plaintiff erroneously moves for this Court to determine as the sanction for spoliation a grant of summary judgment in his favor, based on the Bistrian v. Levi, 448 F. Supp. 3d 454 (E.D. Pa. 2020) test with no discussion of or reference to, the threshold question of whether spoliation has even occurred. Notably, Bistrian cautions specifically that only where a court has concluded that a spoliation has occurred can it determine the appropriate sanction. Id. at 464. In this case, as in Bistrian, there cannot be an adverse inference and sanctions because Defendant has not spoliated. See id. at 478 ("Because the Court is unable to find that the [Defendant United States] acted with intent to deprive [Plaintiff] of the hallway video in this litigation, it will not draw an adverse inference.").

## II.     ARGUMENT

Spoliation occurs where: (1) the evidence was in the party's control, (2) the evidence is relevant to the claims or defenses in the case, (3) the evidence was actually suppressed or withheld, and (4) the duty to preserve the evidence was reasonably foreseeable to the party. Bull v. United Parcel Serv., Inc., 665 F.3d 68, 73 (3d Cir. 2012). "To satisfy the "actual suppression or withholding" element, the movant must demonstrate that the alleged spoliation was intentional—not accidental, inadvertent, or properly explainable." State Farm Fire & Cas. Co. v. Cohen, No. 19-cv-1947, 2020 WL 5369626, at *6 (E.D. Pa. Sept. 8, 2020) citing Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 334 (3d Cir. 1995). Specifically, sanctionable spoliation requires a showing of bad faith. See id. at 79 ("[A] finding of bad faith is pivotal to a

---

[3]     No video evidence is capable of supporting Defendant's defenses which are simply that Plaintiff has failed to point to the factual record for support of a plausible inference that Plaintiff's alleged constitutional violation was the result of a specific policy or custom, or a failure to train, on the part of the City or its alleged policymakers, that is required of his Monell claim. See ECF No. 27.

3

spoliation determination."); Brewer, 72 F.3d at 334 (3d Cir. 1995) ("Such [an adverse] presumption or inference arises ... only when the spo[li]ation or destruction [of evidence] was intentional, and indicates fraud and a desire to suppress the truth, and it does not arise where the destruction was a matter of routine with no fraudulent intent.").

A finding of bad faith is pivotal to a spoliation determination. Bull, 665 F.3d at 77. Ordinary negligence is not sufficient to establish spoliation. First Senior Fin. Grp. v. Watchdog, No. 12-cv-1247, 2014 WL 1327584, at *7 (E.D. Pa. Apr. 3, 2014). Where Plaintiff fails to "identify any intentional acts taken by Defendant [] to dispose of the [evidence]" and only "relies upon the mere negligence of [Defendant] [Plaintiff] cannot meet [his] burden with respect to an adverse spoliation inference." State Farm, No. 19-cv-1947, 2020 WL 5369626, at *6. Specifically, Bull states firmly that destruction that occurs as a result of inadvertence, routine practice, or accident is not spoliation at all. Bull, 665 F.3d at 79. See Bozic v. City of Washington, Pa., 912 F. Supp. 2d 257, 270 (W.D. Pa. 2012) (describing a long line of District Court cases, applying Bull, having declined to find spoliation "where the party's conduct was no worse than negligent, or where the evidence was lost in the normal course of daily business or other similar activity.") See e.g., Harris v. Jacobs, No. 11-cv-4685, 2012 WL 4109052, at *14–15 (E.D. Pa. Sept. 19, 2012) (negligence is insufficient); Heck v. Mem'l Health Sys., No. 10-cv-1675, 2012 WL 3597175, at *2–3 (M.D. Pa. Aug. 20, 2012) (evidence had "merely been misplaced"); Tabon v. Univ. of Pa. Health Sys., No. 10-cv-2781, 2012 WL 2953216, at *4–5 (E.D. Pa. July 20, 2012) (evidence lost in the course of ordinary practice); Victor v. Lawler, No. 08-cv–1374, 2012 WL 1642603, at *8–10 (M.D. Pa. May 10, 2012) (loss in the course of ordinary course and efforts taken to preserve, but were not successful); Dunn v. Mercedes Benz of Ft. Washington, Inc., No. 10-cv-1662, 2012 WL 424984, at *6 (E.D. Pa. Feb. 10, 2012)

4

(conduct "at the very least, negligent," but no evidence of destruction "willfully or in bad faith"); Aiello v. Chester Downs, No. 20-cv-6032, 2021 WL 3022438, at *9 (E.D. Pa. July 15, 2021) ("paucity of evidence that the [Defendant] actively suppressed or destroyed evidence" and granting Defendant's motion for summary judgment.).

Here, there is no evidence that any video was actually suppressed or withheld; Plaintiff's mere suspicion that more videos should have been preserved and produced cannot suffice for evidence of wrongdoing. See Sears v. McCoy, No. 17-cv-869, 2021 WL 254067, at *6 n.7 (M.D. Pa. Jan. 26, 2021) (finding that where "[a party] has not met his burden of demonstrating that the [other] acted in bad faith … [his] spoliation argument is not a basis upon which to grant summary judgment."); Smalis v. Home Depot U.S.A., Inc., No. 20-cv-1235, 2023 WL 8479242, at *3 (W.D. Pa. Dec. 7, 2023), reconsideration denied, No. 20-cv-1235, 2024 WL 170871 (W.D. Pa. Jan. 11, 2024) (cautioning that Plaintiff "cannot rely on his allegations of suppressed video evidence to create a dispute of material fact that would defeat [Defendant's] motion for summary judgment.").

Nor can bad faith be attributable where Plaintiff's attorney Sigman made a video preservation request (11) days after the last day that Plaintiff was incarcerated at CFCF, with enough time for the prison's automated motion sensor video recording system to have overwritten any footage before May 29, 2022. The prison's video recording system overwrites as a matter of routine and automation.[4] There cannot be fraudulent intent where any inadvertent

---

[4] The video surveillance system at CFCF records by motion activation. Specifically, where there is significant activity or a lot of recording, the system overwrites itself; that is, a sensor detects motion and starts recording each time and the new footage overwrites the old when the system runs out of space. SUMF ¶ 1. Plaintiff's cell in the intake housing area is generally high movement unlike in a general population housing unit where there would be little movement after lockdown at night. See SUMF ¶ 2. Where a warden or deputy commissioner becomes aware that there is a reportable incident, such as an assault on staff, an inmate-on-inmate assault,

5

destruction of video happened as a matter of routine or as a matter of course. See <u>Layden v. Target Corp.</u>, 768 F. App'x 152, 156 (3d Cir. 2019) (finding that the District Court acted within its discretion to conclude that the destruction of a video in question was a matter of routine with no fraudulent intent where the plaintiff's attorney requested for the video outside of Defendant's retention period of 30 days); <u>United States v. Nelson</u>, 481 F. App'x 40, 42 (3d Cir. 2012) (finding that the District Court was correct in concluding no spoliation occurred where the videotape in question was recycled pursuant to prison policy that is even-handedly applied).

Importantly, there are also no cameras that capture the inside of Plaintiff's cell which is the subject of Plaintiff's request. SUMF ¶ 6. It follows that there would not have been footage "<u>showing</u> Joseph Peronace in Quarantine, having seizures, and being attacked" (emphasis added), all of which allegedly happened inside Plaintiff's cell that was requested specifically by Plaintiff's attorney Sigman. See <u>id</u>. No such purported missing video of the type and view requested by Sigman exists, without which Plaintiff cannot even assert a spoliation claim. See <u>Pace v. Wal-Mart Stores E., LP</u>, 799 F. App'x 127, 130 (3d Cir. 2020) (finding that the District Court did not abuse its discretion in refusing to find spoliation where the plaintiff could not show that "the alleged video evidence even existed in the first place, much less that it was actually suppressed, withheld, or destroyed."); <u>Smalis</u>, at *3 (finding that "any attempt to compel production of a video would be 'a non sequitur' where no such video exists."). As Deputy Warden Patricia Powers has testified, at most, any footage would show activity only at the threshold of the entrance to Plaintiff's cell and not inside of it. <u>See</u> SUMF ¶ 6.

---

or an unusual situation has 'flashed', video is pulled and preserved. SUMF ¶ 3. Thus, an investigation triggers the immediate preservation of video. <u>Id.</u> However, in this case, there is no record of any investigation having been made, nor any disciplinary action in Plaintiff's record suggesting that there was a use of force on Plaintiff—either of which would have triggered the immediate preservation of video. See SUMF ¶ 6.

III.   **CONCLUSION**

For the foregoing reasons, Plaintiff's claim must fail and Defendant City respectfully requests that the Court deny Plaintiff's Motion for Summary Judgement that is based on a unfounded allegation of spoliation, and concurrently, grant Defendant's Motion for Summary Judgment, ECF No. 27.

Respectfully submitted,

Date: March 27, 2024

*/s/ Irene Lu*
Irene Lu
Assistant City Solicitor
Pa. Attorney ID No. 318310
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-2971 (phone)
(215) 683-5397 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH PERONACE | : |
| Plaintiff | : CIVIL ACTION |
| | : No. 23-03943 |
| v. | : |
| CITY OF PHILADELPHIA | : |
| Defendant | : |

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below, Defendant's Response to Plaintiff's Motion for Summary Judgment and Statement of Undisputed Facts In Response to Plaintiff's Motion was filed via the Court's electronic filing system and is available for downloading.

Respectfully submitted,

Date:  March 27, 2024

/s/ Irene Lu
Irene Lu
Assistant City Solicitor
Pa. Attorney ID No. 318310
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-2971 (phone)
(215) 683-5397 (fax)
Irene.Lu@phila.gov

8